**Harimandir Singh SHAHPURI; et al., Petitioners,**

v.

**Alberto GONZALES,[*] Attorney General, Respondent.**

No. 03–73110.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2005.[**]

Decided April 27, 2005.

---

5. *Tawadrus*, 364 F.3d at 1102.

[*] Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

644

———

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, William C. Peachey, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

MEMORANDUM ***

Harmimandir Singh Shahpuri and his wife, Gajun Shahpuri, petition for review of the BIA's order summarily affirming the IJ's order denying their applications for asylum, withholding of removal, and withholding of removal under the Convention Against Torture from both Iran and India. We grant the petitions in part and deny them in part.

*** This disposition is not appropriate for publication and may not be cited to or by the

First, Mr. Shahpuri sought asylum from India. The IJ ruled that Mr. Shahpuri was not eligible for asylum from India because he had been firmly resettled in Iran. 8 U.S.C. § 1158(b)(2)(A)(vi). Mr. Shahpuri's eight year residence in Iran established a presumption of firm resettlement that he failed to rebut. *Cheo v. INS*, 162 F.3d 1227, 1229 (9th Cir.1998). Substantial evidence supported the IJ's determination. *Vang v. INS*, 146 F.3d 1114, 1116 (9th Cir.1998).

Mr. Shahpuri also sought withholding of deportation to India. Because of significant inconsistencies in Mr. Shahpuri's testimony about the number and circumstances of his arrests in India, the IJ found that Mr. Shahpuri was not credible. The evidence does not compel a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). These inconsistencies were material, served to enhance Mr. Shahpuri's application, and went to the heart of his claims. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Mr. Singh is therefore not eligible for withholding of removal to India because he did not demonstrate that it is more likely than not he would be persecuted upon returning there. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001).

Mr. Shahpuri also seeks asylum from Iran, claiming that he suffered past persecution because of two incidents during which his house and business were attacked and destroyed by mobs. The IJ found that Mr. Shahpuri had not demonstrated that the attacks were perpetrated by parties that the government was unable or unwilling to control, and thus he had not demonstrated past persecution or a wellfounded fear of future persecution. The

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

IJ's finding is not supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Mr. Shahpuri's testimony, which the IJ did not reject as incredible, established that the attacks were perpetrated by parties the government was unable or unwilling to control and that the incidents were sufficiently serious to constitute past persecution. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1121 (9th Cir. 2004). As a result, Mr. Shahpuri established eligibility for asylum from Iran. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 428, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

With respect to Mrs. Shahpuri, the IJ found that she had not suffered past persecution, nor did she have a well-founded fear of future persecution entitling her to asylum or withholding of removal from India. At best, her testimony establishes minor harassment at a border crossing. The IJ's findings are supported by substantial evidence. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). The IJ's determination that Mrs. Shahpuri was not eligible for asylum and withholding of removal from Iran because she was not "firmly resettled" there and accordingly, was not subject to removal there, is also supported by substantial evidence.

Petitioners are not entitled to withholding of removal under the Convention Against Torture because they did not demonstrate that it is more likely than not that they will be tortured if they are removed to India or Iran. *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

The petition is remanded to the BIA for proceedings consistent with this opinion. *See INS v. Ventura,* 537 U.S. 12, 16, 123

S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITIONS GRANTED IN PART, DENIED IN PART.